IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ASPEN LICENSING INTERNATIONAL, INC.,
A Florida Corporation,

    Plaintiff,

vs.

BROWN SHOE COMPANY, INC.,a foreign corporation,
and BROWN GROUP RETAIL, INC. d/b/a
NATURALIZER SHOES, a foreign corporation, and
SHOES.COM, INC., a foreign corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ASPEN LICENSING INTERNATIONAL, INC. sues BROWN SHOE COMPANY, INC., a New York Corporation, BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES, a Pennsylvania Corporation and SHOES.COM, INC., a Delaware Corporation and alleges the following:

## THE PARTIES

1.  ASPEN LICENSING INTERNATIONAL, INC. (hereafter "ALI") is a Florida corporation with its principal business located at 2020 Seabird Way, Riviera Beach, Florida 33404, within Palm Beach County and the Southern District of Florida.

2.  BROWN SHOE COMPANY, INC. is a New York corporation (hereafter "BROWN SHOE") authorized to do business and actually doing business in Florida, with its

1

principal place of business in St. Louis, Missouri and may be served with process at the office of its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

3.      BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES (hereafter "BROWN GROUP") is a Pennsylvania Corporation, authorized to do business and actually doing business in Florida, with its principal place of business at St. Louis, Missouri and may be served with process at the office of its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

4.      NATURALIZER SHOES is a fictitious name, registered with the State of Florida, and owned by BROWN GROUP RETAIL. INC.

5.      BROWN SHOE is the parent company of BROWN GROUP.

6.      SHOES.COM, INC. (hereafter "SHOES") is a Delaware Corporation with its principal place of business at Los Angeles, California 90028 and may be served with process at the office of its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.      SHOES.COM, INC. is a subsidiary of BROWN SHOE COMPANY, INC.

### JURISDICTION AND VENUE

8.      This is a civil action for injunctive relief and damages for violations of the Lanham Act, 15 U.S.C. §1051, et seq.

9.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

**BACKGROUND FACTS**

11. ALI, through its predecessors in interest, owns the goodwill for the trademark "ASPEN" going back to the 1940's when the mark was applied to a line of rugged functional ski wear and became a top brand for skiers demanding performance apparel. Today, ALI licenses the use of its ASPEN mark in association with a wide variety of goods and clothing, including footwear.

12. ALI is the owner of the trademark "ASPEN", Federal Registration Number 3,001,668, in International Class 25 for footwear. A copy of the registration is attached hereto as "Exhibit A".

13. BROWN SHOE CO. is a global footwear company.

14. NATURALIZER is one of BROWN SHOE'S brands and has been since approximately 1954.

15. NATURALIZER shoes are sold by brick and mortar retailers and numerous on-line retailers on the internet, including on the internet website known as www.naturalizer.com since approximately 1999.

16. The www.naturalizer.com internet domain name is registered to BROWN SHOE.

17. FRANCO SARTO is one of BROWN SHOE's brands and has been since approximately 2005.

18. FRANCO SARTO shoes are sold by brick and mortar retailers and numerous on-line retailers on the internet, including on the websites known as www.francosarto.com and www.shoes.com.

19. The www.shoes.com internet domain name is registered to SHOES.COM. The

www.shoes.com website is the e-commerce website belonging to BROWN SHOE.

## COUNT ONE

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. §1114)
### (Against BROWN SHOE and SHOES.COM, INC.)

20. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 13, and 17 through 19 of this complaint as if fully set forth herein.

21. BROWN SHOE and SHOES are advertising for sale Franco Sarto footwear advertised and branded as ASPEN footwear.

22. BROWN SHOE and SHOES are advertising for sale footwear described as "Natural Sport Women's Aspen" shoes and "Franco Sarto Women's Aspen" boots. A sample of the advertisements described in this paragraph and paragraph 21 is depicted in the webpages attached as "Exhibit B."

23. Upon information and belief, the ASPEN branded footwear is supplied by defendant BROWN SHOE to various brick and mortar retail stores in this district and to online retailers.

24. Through the various brick and mortar retailers and websites, Defendants' footwear is advertised for sale, sold to, and shipped in interstate commerce to Florida customers, including Florida customers located in this judicial district.

25. On November 20, 2009, ALI contacted BROWN SHOE, advising that its footwear was infringing on ALI's trademark and requested that it stop doing so. BROWN SHOE refused to stop the infringement. Despite repeated requests, BROWN SHOE and SHOES continue to sell and advertise Natural Sport and Franco Sarto footwear using the "Aspen" mark

and name.

26. BROWN SHOE and SHOES, without authority or permission from ALI, have marketed and sold in interstate commerce footwear covered by ALI's trademark via the www.shoes.com website as Natural Sport Women's Aspen Shoe and as Franco Sarto Women's Aspen Boots. Upon information and belief, this footwear has been sold into the State of Florida and into this District by BROWN SHOE and SHOES.

27. ALI, its predecessors in interest, or its licensees, developed, adopted and began using the ASPEN trademark in interstate commerce before BROWN SHOE and SHOES adopted and began using the ASPEN mark via the www.shoes.com website as Natural Sport Women's Aspen Shoe and as Franco Sarto Women's Aspen Boots.

28. BROWN SHOE's and SHOES's use of ALI's ASPEN trademark is without ALI's authorization.

29. The use by BROWN SHOE and SHOES of a mark that is identical to ALI's Trademark is likely to cause the purchasers to be confused as to the source of the footwear.

30. By virtue of the actions of BROWN SHOE and SHOES, there is a likelihood of confusion between ALI's authorized products and BROWN SHOE's and SHOES' products. BROWN SHOE's and SHOES's conduct constitutes an infringement of ALI's registered mark under § 1114 of the Lanham Act (15 U.S.C. § 1114).

31. Upon information and belief, BROWN SHOE and SHOES have acted knowingly and intentionally in misappropriating ALI's ASPEN trademark in an effort to trade off the goodwill established by ALI over the past decades.

32. BROWN SHOE and SHOES will continue their infringement activities unless

enjoined by this Court.

33.   ALI has no adequate remedy at law and ALI will suffer irreparable injury to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

34.   Defendants' conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendants, BROWN SHOE COMPANY, INC. and SHOES.COM, INC. for:

   a.   a temporary and permanent injunction against Defendants prohibiting Defendants from manufacturing, importing, marketing, distributing and selling footwear under ALI's ASPEN mark; and

   b.   a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

   c.   damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

   d.   the delivery by Defendants, its agents, employees, and all holding with, through or under them, or anyone acting on their behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

   e.   the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, for destruction following a final decision in this action, of all infringing materials;

  f.  reasonable attorneys' fees; and

  g.  the costs of this action; and

  h.  such other and further relief as the Court deems proper.

## **COUNT TWO**

**(Unfair Competition Under 15 U.S.C. 1125(a))**
**(Against BROWN SHOE and SHOES.COM, INC.)**

  35. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 13, 17 through 19, and 21 through 28 of this complaint as if fully set forth herein.

  36. Defendants, BROWN SHOE COMPANY, INC. and SHOES.COM, INC., by their unauthorized appropriation and use of the ASPEN trademark, have engaged, and are continuing to engage, in acts of wrongful deception to the purchasing public, wrongful designation as to the source and sponsorship of goods and the wrongful deprivation of ALI's good name and reputation.

  37. Defendants willfully and deliberately use in commerce, words, terms and names which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or commercial activities of Plaintiff.

  38. No later than 2009, Defendants began marketing, selling and distributing footwear under the ASPEN trademark via the www.shoes.com website as "Natural Sport Women's Aspen" shoes and as "Franco Sarto Women's Aspen" boots, resulting in consumer confusion as to the source of the footwear.  Such conduct constitutes an unfair trade practice and unfair competition pursuant to 15 U.S.C. § 1125(a) of the Lanham Act, and has damaged Plaintiff.

  39. ALI has no adequate remedy at law and ALI will suffer irreparable injury to its

business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

40.     Defendants' conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendants, BROWN SHOE COMPANY, INC. and SHOES.COM, INC. for:

a.      a temporary and permanent injunction against Defendants prohibiting Defendants from manufacturing, importing, marketing, distributing and selling footwear and similar products under ALI's ASPEN mark; and

b.      a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

c.      damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

d.      the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

e.      the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, for destruction following a final decision in this action, of all infringing materials;

f.      reasonable attorneys' fees; and

g.      the costs of this action; and

      h.      such other and further relief as the Court deems proper.

## COUNT THREE

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. §1114)
### (Against BROWN SHOE and BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES)

41.     Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 16 of this complaint as if fully set forth herein.

42.     BROWN SHOE and BROWN GROUP are advertising for sale, Naturalizer footwear advertised and branded as ASPEN footwear.

43.     BROWN SHOE and BROWN GROUP are advertising for sale, footwear described as "PowerWalk Aspen" shoes. A sample of the advertisement described in this paragraph is depicted in the webpage attached as "Exhibit C."

44.     Upon information and belief, the ASPEN branded footwear is supplied by defendants BROWN SHOE and BROWN GROUP to various brick and mortar retail stores in this district and to online retailers.

45.     Through the various brick and mortar retailers and websites, Defendants' footwear is advertised for sale, sold to, and shipped in interstate commerce to Florida customers, including Florida customers located in this judicial district.

46.     On November 20, 2009, ALI contacted BROWN SHOE, advising that its footwear was infringing on ALI's trademark and requested that it stop doing so. BROWN SHOE refused to stop the infringement. Despite repeated requests, BROWN SHOE and BROWN GROUP continue to sell and advertise Naturalizer footwear using the "Aspen" mark and name.

47.     BROWN SHOE and BROWN GROUP, without authority or permission from

9

ALI, have marketed and sold in interstate commerce footwear covered by ALI's trademark via the www.naturalizer.com website as PowerWalk Aspen shoes. Upon information and belief, this footwear has been sold into the State of Florida and into this District by BROWN SHOE and BROWN GROUP.

48. ALI, its predecessors in interest, or its licensees, developed, adopted and began using the ASPEN trademark in interstate commerce before BROWN SHOE and BROWN GROUP adopted and began using the ASPEN mark via the www.naturalizer.com website as PowerWalk Aspen shoes.

49. BROWN SHOE's and BROWN GROUP's use of ALI's ASPEN trademark is without ALI's authorization.

50. The use by BROWN SHOE and BROWN GROUP of a mark that is identical to ALI's Trademark is likely to cause the purchasers to be confused as to the source of the footwear.

51. By virtue of the actions of BROWN SHOE and BROWN GROUP, there is a likelihood of confusion between ALI's authorized products and BROWN SHOE's and BROWN GROUP's products. BROWN SHOE's and BROWN GROUP's conduct constitutes an infringement of ALI's registered mark under § 1114 of the Lanham Act (15 U.S.C. § 1114).

52. Upon information and belief, BROWN SHOE and BROWN GROUP have acted knowingly and intentionally in misappropriating ALI's ASPEN trademark in an effort to trade off the goodwill established by ALI over the past decades.

53. BROWN SHOE and BROWN GROUP will continue their infringement activities unless enjoined by this Court.

54. ALI has no adequate remedy at law and ALI will suffer irreparable injury to its

business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

55. Defendants' conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendants, BROWN SHOE COMPANY, INC. and BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES for:

   a. a temporary and permanent injunction against Defendants prohibiting Defendants from manufacturing, importing, marketing, distributing and selling footwear under ALI's ASPEN mark; and

   b. a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

   c. damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

   d. the delivery by Defendants, its agents, employees, and all holding with, through or under them, or anyone acting on their behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

   e. the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, for destruction following a final decision in this action, of all infringing materials;

   f. reasonable attorneys' fees; and

    g.    the costs of this action; and

    h.    such other and further relief as the Court deems proper.

## COUNT FOUR

### (Unfair Competition Under 15 U.S.C. 1125(a))
### (Against BROWN SHOE and BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES)

56.    Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 16, and 42 through 49 of this complaint as if fully set forth herein.

57.    Defendants, BROWN SHOE COMPANY, INC. and BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES, by their unauthorized appropriation and use of the ASPEN trademark, have engaged, and are continuing to engage, in acts of wrongful deception to the purchasing public, wrongful designation as to the source and sponsorship of goods and the wrongful deprivation of ALI's good name and reputation.

58.    Defendants willfully and deliberately use in commerce, words, terms and names which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or commercial activities of Plaintiff.

59.    No later than 2009, Defendants began marketing, selling and distributing footwear under the ASPEN trademark via the [www.naturalizer.com](www.naturalizer.com) website as "PowerWalk Aspen" shoes, resulting in consumer confusion as to the source of the footwear. Such conduct constitutes an unfair trade practice and unfair competition pursuant to 15 U.S.C. § 1125(a) of the Lanham Act, and has damaged Plaintiff.

60.    ALI has no adequate remedy at law and ALI will suffer irreparable injury to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

61. Defendants' conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendants, BROWN SHOE COMPANY, INC. and BROWN GROUP RETAIL, INC. d/b/a NATURALIZER SHOES for:

    a. a temporary and permanent injunction against Defendants prohibiting Defendants from manufacturing, importing, marketing, distributing and selling footwear and similar products under ALI's ASPEN mark; and

    b. a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

    c. damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

    d. the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

    e. the delivery by Defendants, their agents, employees, and all holding with, through or under them, or anyone acting on their behalf, for destruction following a final decision in this action, of all infringing materials;

    f. reasonable attorneys' fees; and

    g. the costs of this action; and

   h. such other and further relief as the Court deems proper.

## COUNT FIVE

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. §1114)
### (Against BROWN SHOE)

  62. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 13, and 17 through 19 of this complaint as if fully set forth herein.

  63. BROWN SHOE is advertising for sale, Franco Sarto footwear advertised and branded as ASPEN footwear.

  64. BROWN SHOE is advertising for sale, footwear described as Franco Sarto "Aspen" boots. A sample of the advertisement described in this paragraph is depicted in the webpages attached as "Exhibit D."

  65. Upon information and belief, the ASPEN branded footwear is supplied by defendant BROWN SHOE to various brick and mortar retail stores in this district and to online retailers.

  66. Through the various brick and mortar retailers and websites, Defendant's footwear is advertised for sale, sold to, and shipped in interstate commerce to Florida customers, including Florida customers located in this judicial district.

  67. On November 20, 2009, ALI contacted BROWN SHOE, advising that its footwear was infringing on ALI's trademark and requested that it stop doing so. BROWN SHOE refused to stop the infringement. Despite repeated requests, BROWN SHOE continues to sell and advertise footwear using the "Aspen" mark and name.

  68. BROWN SHOE, without authority or permission from ALI, has marketed and

sold in interstate commerce footwear covered by ALI's trademark via the www.francosarto.com website as Aspen boots.  Upon information and belief, this footwear has been sold into the State of Florida and into this District by BROWN SHOE.

69. ALI, its predecessors in interest, or its licensees, developed, adopted and began using the ASPEN trademark in interstate commerce before BROWN SHOE adopted and began using the ASPEN mark via the www.francosarto.com website as Aspen boots.

70. BROWN SHOE's use of ALI's ASPEN trademark is without ALI's authorization.

71. The use by BROWN SHOE of a mark that is identical to ALI's Trademark is likely to cause the purchasers to be confused as to the source of the footwear.

72. By virtue of the actions of BROWN SHOE, there is a likelihood of confusion between ALI's authorized products and BROWN SHOE's products.  BROWN SHOE's conduct constitutes an infringement of ALI's registered mark under § 1114 of the Lanham Act (15 U.S.C. § 1114).

73. Upon information and belief, BROWN SHOE has acted knowingly and intentionally in misappropriating ALI's ASPEN trademark in an effort to trade off the goodwill established by ALI over the past decades.

74. BROWN SHOE will continue its infringement activities unless enjoined by this Court.

75. ALI has no adequate remedy at law and ALI will suffer irreparable injury to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

76. Defendant's conduct has caused ALI to suffer actual damages in an amount to be

determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendant, BROWN SHOE COMPANY, INC. for:

    a.    a temporary and permanent injunction against Defendant prohibiting Defendant from manufacturing, importing, marketing, distributing and selling footwear under ALI's ASPEN mark; and

    b.    a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendant has complied with the terms of the injunction; and

    c.    damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

    d.    the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

    e.    the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, for destruction following a final decision in this action, of all infringing materials;

    f.    reasonable attorneys' fees; and

    g.    the costs of this action; and

    h.    such other and further relief as the Court deems proper.

## COUNT SIX

### (Unfair Competition Under 15 U.S.C. 1125(a))
### (Against BROWN SHOE)

77. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 16, 42 through 49, and 63 through 70 of this complaint as if fully set forth herein.

78. Defendant, BROWN SHOE, by its unauthorized appropriation and use of the ASPEN trademark, has engaged, and is continuing to engage, in acts of wrongful deception to the purchasing public, wrongful designation as to the source and sponsorship of goods and the wrongful deprivation of ALI's good name and reputation.

79. Defendant willfully and deliberately uses in commerce, words, terms and names which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or commercial activities of Plaintiff.

80. No later than 2009, Defendant began marketing, selling and distributing footwear under the ASPEN trademark via the www.francosarto.com website as "Aspen" boots, resulting in consumer confusion as to the source of the footwear. Such conduct constitutes an unfair trade practice and unfair competition pursuant to 15 U.S.C. § 1125(a) of the Lanham Act, and has damaged Plaintiff.

81. ALI has no adequate remedy at law and ALI will suffer irreparable injury to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

82. Defendant's conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests

judgment against Defendant, BROWN SHOE COMPANY, INC. for:

    a.    a temporary and permanent injunction against Defendant prohibiting Defendant from manufacturing, importing, marketing, distributing and selling footwear and similar products under ALI's ASPEN mark; and

    b.    a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

    c.    damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

    d.    the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

    e.    the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, for destruction following a final decision in this action, of all infringing materials;

    f.    reasonable attorneys' fees; and

    g.    the costs of this action; and

    h.    such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

          RUTHERFORD MULHALL, P.A.
          Attorneys for Plaintiff
          PGA Financial Plaza, Suite 240
          3399 PGA Boulevard
          Palm Beach Gardens, FL 33410-2804
          (561) 691-8111 (telephone)
          (561) 625-6186 (facsimile)
          Kjohnson@rmlawyer.com


By:    s/Kenneth N. Johnson
        KENNETH N. JOHNSON
        Florida Bar No.: 0070841

J:\Work\LIT\A - B\Aspen Licensing Intl. Inc\11734.004-Brown Shoe Co\Pleadings\Complaint.wpd